# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CA-00366-SCT

*PAUL TYLER*

*v.*

*AUTOMOTIVE FINANCE COMPANY, INC.*


| | |
|---|---|
| DATE OF JUDGMENT: | 01/31/2012 |
| TRIAL JUDGE: | HON. ROBERT WILLIAM ELLIOTT |
| COURT FROM WHICH APPEALED: | CALHOUN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RICHARD SHANE MCLAUGHLIN |
| | NICOLE H. MCLAUGHLIN |
| ATTORNEYS FOR APPELLEE: | ROBERT J. DAMBRINO, III |
| | JAY GORE, III |
| | ASHLEY NOBILE LANE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 04/04/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., PIERCE AND COLEMAN, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     The trial court granted summary judgment in favor of the plaintiff, Automotive Finance Company, after the defendant, Paul Tyler, failed to respond in a timely manner to a request for admissions.  Tyler's appeal rests on the assertion that he was not properly served with either the request for admissions or the following motion for summary judgment. The trial court entered an order deeming the unanswered request admitted.  Based upon the evidence contained within the admissions, the court also granted Automotive Finance's motion for summary judgment.  Well after the trial court entered a final judgment, Tyler filed

a motion to amend his admissions, which the trial court denied. Tyler is appealing both the order denying reconsideration of summary judgment and the order denying his post-final-judgment motion to amend the admissions. Finding no error on the part of the trial court, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Jim Earl Aron, sole stockholder in Automotive Finance Company, sold all of his stock in the company to Paul Tyler for $2.5 million to be paid over time to Aron. After what Aron perceived as poor management of the company, leading to a loss of revenue for both Automotive Finance and Tyler, Aron repurchased the company from Tyler in exchange for releasing Tyler from his indebtedness on the remainder of the $2.5 million obligation. After repurchasing the company and analyzing its records, Aron found what he believed to be dishonest business practices and brought suit as Automotive Finance against Tyler in bankruptcy court on March 4, 2004. Tyler was represented in bankruptcy court by attorney William Griffin, an attorney with Shelton and Associates in Tupelo, Mississippi. The bankruptcy court transferred the case to the Circuit Court of Calhoun County on February 14, 2006.

¶3. On April 19, 2006, counsel for Automotive Finance, Adam Kirk, propounded interrogatories to Griffin at "P.O. Box 1362, Tupelo, MS," with no street number. This was the same address to which Kirk sent a copy of his notice of appearance on April 20, 2005, and the address provided for Griffin in the bankruptcy proceedings.

¶4. However, in a letter dated April 2006, Shelton and Associates informed Kirk that Griffin was no longer with the firm and provided Griffin's address as "P.O. Box 1692,

2

Tupelo, MS." Both the 1692 and the 1362 post office box numbers appear in the bankruptcy court proceedings. On May 24, 2007, Kirk sent the request for admissions to Griffin at "336 N. Broadway." Kirk received no response to the request for admissions, and on July 9, 2007, Kirk filed a motion with the court clerk to deem the unanswered request admitted, and served a copy upon Griffin at "336 N. Broadway, P.O. Box 1692 Tupelo, MS 38802." The motion hearing was set by the court for November 2, 2007.

¶5.    Jon Crump, an attorney with Shelton and Associates, entered an appearance for Tyler on October 30, 2007. Crump requested a continuance on the hearing, and it was reset for January 30, 2008. When the hearing date arrived, Crump did not attend. Instead, Christopher Bauer, another attorney with Shelton and Associates, appeared on behalf of Tyler. After Automotive Finance argued in favor of its motion, the trial judge gave Tyler a chance to offer responsive argument. Bauer stated that the defense had "no response at all." On February 8, 2008, the trial court deemed the unanswered request admitted.

¶6.    No activity took place in the case from February 2008 until March 17, 2010, when the clerk moved to dismiss the case as stale. On September 23, 2010, Automotive Finance filed a motion for summary judgment and served the motion on Crump at Post Office Box 7125, Tupelo, Mississippi 38802-7125. On January 6, 2011, Automotive Finance filed a supplemental motion for summary judgment and served the supplemental motion upon Crump at the same address. Also on January 6, 2011, "Sonya" from Crump's office called and informed counsel for Automotive Finance that Crump was no longer with Shelton and Associates, and that Crump did not take the case with him when he left. On February 2, 2011, Automotive Finance re-served a notice of the March 21, 2011, hearing on its

3

supplemental motion for summary judgment on both Jason Shelton and Crump. The notice of hearing was served on Shelton and Associates at the address it had provided in its own court filings.

¶7. An attorney from Shelton and Associates was present in the courtroom on the day of the hearing. Counsel for Automotive Finance discussed the motion with her prior to the hearing, but she left the courthouse before the hearing began, and no attorney for Tyler participated in the hearing. The trial court granted the motion for summary judgment and entered final judgment on March 24, 2011. The same day, Tyler filed a motion pursuant to Mississippi Rule of Civil Procedure 60 to set aside the order for summary judgment and final order. On November 29, 2011 – eight months later – Tyler further moved for leave to amend plaintiff's request for admissions. Both motions were denied by the trial court on December 29, 2011. Tyler timely appealed.

## DISCUSSION

¶8. The case turns on one point: whether the trial court erred by deeming the request for admissions served by Automotive Finance as admitted. Tyler argues the request for admissions was not properly served. At the very least, however, Tyler's attorney, Crump, received notice of the request. Not only did he ask for a continuance for the hearing regarding their default admission, one of his colleagues appeared for him in court during the hearing and stated explicitly that Tyler had no response to Automotive Finance's motion. Since Tyler's counsel appeared in court and did not object to the request being admitted, and notice of the summary judgment motion was properly served on Tyler, we find no reversible error.

4

### Standard of Review

¶9.     Although we apply a *de novo* standard of review to a lower court's grant of summary judgment, Tyler did not appeal the order granting summary judgment.  Rather, the notice of appeal filed by Tyler explicitly states it is an appeal of the trial court's denial of his Rule 60 motion.  Our precedents make clear that the standard of review for an appeal of a Rule 60 motion is abuse of discretion.  ***Accredited Sur. and Cas. Co., Inc. v. Bolles***, 535 So. 2d 56 (Miss. 1988) ("Motions that seek relief from judgment pursuant to Miss. R. Civ. P. 60 are addressed to the sound discretion of the trial court, and the only question asked on appeal is whether the trial court's ruling on such a motion amounts to an abuse of discretion.") (quoting ***Stringfellow v. Stringfellow***, 451 So. 2d 219, 221(Miss. 1984)).

¶10.    Likewise, a trial court's decision as to whether or not to allow amendment or withdrawal of admissions is subject to review for abuse of discretion.  ***DeBlanc v. Stancil***, 814 So. 2d 796, 802 (¶ 26) (Miss. 2002).  However, because Tyler filed his motion to amend his admissions years after the trial court deemed them admitted and months after the trial court entered final judgment, we view his motion to amend his admissions as a Rule 60 motion for relief from the trial court's much-earlier order deeming them admitted.

I.     **Should the trial court's order denying Tyler's motion to amend the admissions be reversed?**

¶11.    The trial court granted summary judgment in favor of Automotive Finance and entered final judgment  on March 24, 2011.  Eight months later, Tyler filed a motion to amend his admissions.  On January 31, 2012, the trial court signed a separate order and opinion denying

Tyler's motion to amend his admissions. It is the January 31, 2012, order that Tyler appeals – not the trial court's February 8, 2008, order deeming the request admitted. As noted above, because Tyler's motion to amend his admissions sought relief from the trial court's earlier order deeming the request admitted, we will review it for abuse of discretion as a Rule 60(b) motion. Out of an abundance of caution, we also address whether the trial court's initial decision to consider the request admitted was in error.

¶12. Tyler contends that Automotive Finance failed to serve him properly with the request for admissions. Tyler complains that the request itself, served May 24, 2007, was improperly served on Tyler's first attorney, Griffin, who represented Tyler in the bankruptcy proceedings. Tyler contends that, because Griffin never entered an appearance in circuit court after the transfer, Griffin was not his attorney for the purpose of service of the request.[1] Second, Tyler argues that Automotive Finance served the request upon Tyler by mailing it to the wrong address.

¶13. The Court need not reach the merits of either of Tyler's two arguments regarding proper service. On July 9, 2007, Automotive Finance served a motion to deem the unanswered request admitted on Griffin at "336 N. Broadway, P.O. Box 1692 Tupelo, MS 38802." Rule 36 is self-executing, and no motion to have a request deemed admitted is required. Under the rule, a request is admitted if the receiving party serves no responses or

---

[1]Tyler cites no authority in support of his contention that Griffin ceased to be counsel of record for Tyler due to the transfer of the case from bankruptcy court, and he therefore waives the issue. *Gillett v. State*, 56 So. 3d 469, 517 (¶ 142) (Miss. 2010); *Tupelo Redevelopment Agency v. Gray Corp., Inc.*, 927 So. 2d 495, 514 (¶ 52) (Miss. 2007).

objections within thirty days of service of the requests. Miss. R. Civ. P. 36(a). However, the Court understands that – superfluous though they may be – motions to deem requests admitted are commonplace, and trial courts regularly consider them. In the case *sub judice*, Automotive Finance filed one and served it upon Tyler. On appeal, Tyler does not contend that the motion was improperly served, nor could he in light of the fact that (1) through counsel he moved for and received a continuance of the hearing on the motion and (2) his attorney appeared at the hearing and conceded the motion. Accordingly, through his attorneys, Tyler knew of the pendency of the request for admissions, and he knew that he had not responded or objected to it.

¶14. After postponement, the trial court held a January 30, 2008, hearing on Automotive Finance's motion to have the request deemed admitted. The hearing took place more than six months after the motion had been served, during which time Tyler never filed a Rule 36(b) motion to withdraw the admissions. Tyler never filed a response to the motion to have the request deemed admitted. Most damning of all, when counsel for Tyler appeared at the hearing on Automotive Finance's motion and was offered a chance to argue on Tyler's behalf, counsel stated, "Your honor, the defendant has no response, no response at all, your Honor." At that moment, Tyler had the opportunity to raise all of the arguments he makes now on appeal regarding improper service, etc. He did not. Even if Tyler's attorney appeared in court for the hearing without any knowledge of the nature of the motion whatsoever, he could have at the very least advised the court that Tyler had not been properly served with any of the documents at issue. Therefore, we find the trial court did not abuse its discretion in deeming the request admitted.

¶15. Tyler argues that the trial court erred in not applying the two-part test found in Rule 36(b), which permits amendment of admissions "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." However, Tyler cannot escape the clear indication in the record that he – through counsel – conceded the issue at the January 30, 2008, hearing. His concession came despite having been granted a continuance in the hearing date.

¶16. Instead, Tyler waited until November 29, 2011, almost four years after the hearing, to file a motion to amend his admissions and thereby obtain relief from the court's order deeming them admitted. Pursuant to Mississippi Rule of Civil Procedure 60(b), motions for relief from an order or judgment must be "made within a reasonable time." We hold that, in the instant case, Tyler failed to file the motion within a reasonable time when he waited almost four years and until after a final judgment had been entered to file his motion for relief.

> What constitutes reasonable time must of necessity depend upon the facts in each individual case. The Courts consider whether the party opposing the motion has been prejudiced by the delay in seeking relief and whether the moving party has some good reason for his failure to take appropriate action sooner.

*Briney v. U.S. Fid. & Guar. Co.*, 714 So. 2d 962, 967 (Miss. 1998) (citations omitted). In the instant case, Tyler offers no reason – good or bad – for his failure to seek relief at an earlier time.

¶17. We find no abuse of discretion on the part of the trial court in denying a motion to amend admissions filed years after the fact and after the entry of a final judgment.

## II. Do the admissions support the order for summary judgment and final judgment?

¶18. Tyler appeals the January 2012 denial of his Rule 60 motion for relief, not the trial court's March 24, 2011, order and final judgment granting summary judgment. "As a general rule, the 'extraordinary relief' provided for by Rule 60(b) will be granted 'only upon an adequate showing of exceptional circumstances,' and gross negligence, ignorance of the rules, ignorance of the law, or carelessness on the part of the attorney will not provide sufficient grounds for relief." *Accredited Sur.,* 535 So. 2d 56 (Miss. 1988) (quoting *Stringfellow*, 451 So. 2d at 221). Mississippi Rule of Civil Procedure 60(b)(1) states that such relief *may* be granted by the court if one of six factors is found to be present: (1) fraud, misrepresentation, or other misconduct of the adverse party; (2) accident or mistake; (3) newly discovered evidence; (4) voidance of the judgment; (5) satisfaction or discharge of the judgment; (6) any other reason justifying relief. Miss. R. Civ. P. 60(b)(1).

¶19. Tyler first argues that Automotive Finance never properly served him with the motion for summary judgment because (1) the motion for summary judgment and supplemental motion for summary judgment were not served on Tyler's original attorney, Griffin and (2) the motion for summary judgment and supplemental motion for summary judgment were not served on Shelton and Associates.

¶20. It is undisputed, however, that Automotive Finance properly served both the original and supplemental motion on Crump, who was counsel of record for Tyler. The record contains no order allowing Crump to withdraw as counsel of record for Tyler, and "[w]hen an attorney makes an appearance for any party in a case, that attorney will not be allowed to

9

withdraw as attorney for the party without the permission of the court." URCCC 1.13; *see also Triplett v. State*, 579 So. 2d 555, 557-8 (Miss. 1991) (citing *Myers v. Mississippi State Bar*, 480 So. 2d 1080 (Miss. 1985)). Crump never received permission from the trial court to withdraw as Tyler's attorney. Therefore, the motion and supplemental motion for summary judgment were properly served upon Tyler regardless of whether Automotive Finance served them upon any other attorneys.

¶21.   It should also be noted that, upon being informed Crump no longer represented Tyler, counsel for Automotive Finance re-served the notice of the summary judgment motion hearing on both Crump and Shelton and Associates. Despite proper service of the notice of hearing, Shelton and Associates failed to attend the hearing and took no responsive action until well after the entry of final judgment.

¶22.   Tyler next argues that the trial court erred in granting summary judgment because, even with the admissions, there remain disputed issues of material fact. Tyler fails to cite any authority for his position that the admissions do not prove actionable conduct, and his failure to do so waives the issue. *Gillett v. State*, 56 So. 3d 469, 517 (¶ 142) (Miss. 2010); *Tupelo Redev. Agency v. Gray Corp., Inc.*, 927 So. 2d 495, 514 (¶ 52) (Miss. 2007).

¶23.   Even if Tyler had cited authority, he failed to point to any part of the record that would support Rule 60 relief. He did not argue fraud, accident, or mistake. The evidence regarding service was available to him well before the lower court granted summary judgment, and he certainly knew of the issues with service prior to the hearing on Automotive Finance's supplemental motion for summary judgment. He does not suggest the judgment is void or has been satisfied, released, or discharged, or that a prior judgment upon

which it was based has been vacated.  Tyler fails to argue any other reason that might justify relief.  Accordingly, we hold that the trial court acted within its discretion in denying Tyler's Rule 60 motion.

## CONCLUSION

¶24.    We find that Tyler appeared in Court through counsel and conceded Automotive Finance's motion to deem the request admitted.  Therefore, the request was properly admitted by the trial court.  Furthermore, the trial court did not abuse its discretion in denying Tyler's Rule 60 motion for relief from the final judgment.  Accordingly, we hereby affirm the decision of the trial court.

¶25.    **AFFIRMED**.

    **WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.  LAMAR, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**