WALLER, CHIEF JUSTICE, DISSENTING:
 

 ¶ 87. Finality of judgments is one of the central pillars of our legal system. As we observed in
 
 William Iselin and Co., Inc. v. Delta Auction and Real Estate Co.
 
 ,
 
 433 So.2d 911
 
 , 913 (Miss. 1983), this Court adheres to the "important policy favoring finality of judgments and the expeditious termination of litigation."
 
 See also
 

 Payton v. State
 
 ,
 
 897 So.2d 921
 
 , 955 (Miss. 2003) ("Public policy requires a finality to litigation."). Under these circumstances, the order entered in February 2011 should remain final; therefore, I respectfully dissent.
 

 ¶ 88. On February 25, 2011, the Chancery Court of Lincoln County terminated the parental rights of Travis Weems as to Kevin Moore. The order also terminated "the rights of inheritance of and from the child." Four years and three months later, Tillmon Bishop moved to amend the order by striking the phrase terminating the inheritance rights. According to Bishop, Tabitha Moore never sought any relief affecting the inheritance rights of Kevin, so the phrase mistakenly was added to the order. On October 25, 2015, the chancery court granted Bishop's motion under Mississippi Rule of Civil Procedure 60(a), which allows a trial court to correct "clerical mistakes."
 
 See
 
 Miss. R. Civ. P. 60(a).
 

 ¶ 89. The majority correctly observes this Court's holding that "errors of a more substantial nature are to be amended in accordance with Rule 60(b)," not Rule 60(a).
 
 Townsend v. Townsend
 
 ,
 
 859 So.2d 370
 
 , 375 (Miss. 2003) (quoting former comment to Rule 60(a) ). According to the United
 States Fifth Circuit Court of Appeals,
 
 [3]
 
 "the relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a)...."
 
 Matter of W. Texas Mktg. Corp.
 
 ,
 
 12 F.3d 497
 
 , 504 (5th Cir. 1994). In other words, "errors that affect substantial rights of parties are outside the scope of Rule 60(a)."
 
 In re Galiardi
 
 ,
 
 745 F.2d 335
 
 , 337 (5th Cir. 1984) (citation omitted). Because inheritance rights are substantial, I agree an alleged error affecting those rights could not be deemed a "clerical mistake" and altered under Rule 60(a).
 

 ¶ 90. Respectfully, Rule 60(b) does not permit an amendment of this order, either. Rule 60(b)(6) provides a catch-all provision, which allows amendments for "any other reason justifying relief." Miss. R. Civ. P. 60(b)(6). The rule does not have a specific time limit like Rule 60(b)(2).
 
 See
 
 Miss. R. Civ. P. 60(b)(2) (relief from a judgment, order or proceeding based on "accident or mistake" may be granted, but "not more than six months after the judgment, order, or proceeding was entered or taken.") However, a motion under Rule 60(b)(6) still must "be made within a reasonable time ...." Miss. R. Civ. P. 60(b). Under these circumstances, moving to amend the final judgment more than four years later does not satisfy the requirement of "a reasonable time."
 

 ¶ 91. In
 
 Tyler v. Automotive Finance Company, Inc.
 
 ,
 
 113 So.3d 1236
 
 , 1238 (Miss. 2013), a litigant sought to amend his discovery admissions under Rule 60(b). This Court held that the litigant "failed to file the motion within a reasonable time when he waited almost four years and until after a final judgment had been entered to file his motion for relief."
 

 Id.
 

 at 1241
 
 . Concerning the "reasonable time" requirement of Rule 60(b)(6), we observed the following rule:
 

 What constitutes a reasonable time must of necessity depend upon the facts in each individual case. The Courts consider whether the party opposing the motion has been prejudiced by the delay in seeking relief and whether the moving party has some good reason for his failure to take appropriate action sooner.
 

 Id.
 

 (quoting
 
 Briney v. U.S. Fid. & Guar. Co.
 
 ,
 
 714 So.2d 962
 
 , 967 (Miss. 1998) ).
 

 ¶ 92. Here, Dauwanna Mitchell is prejudiced by the delay, since the change in the order would affect her inheritance from her son. As to the reason for the moving party's delay, Tabitha Moore and Tillmon Bishop argue only that the motion was "diligently and promptly" filed once Mitchell sought to challenge the heirship proceedings in 2015. The problem, though, is that Moore's attorney prepared the 2011 order, and the guardian ad litem for Kevin reviewed and approved the order. The parties cannot claim now that they were unaware of what was in the order that Moore's counsel prepared. In other words, there is no "good reason for [the non-moving party's] failure to take appropriate action sooner."
 
 Tyler
 
 ,
 
 113 So.3d at 1241
 
 . Accordingly, I would hold, as this Court did in
 
 Tyler
 
 , that a delay of more than four years is not a reasonable time under Rule 60(b)(6) to amend the judgment in this case.
 

 ¶ 93. For these reasons, I would reverse the chancellor's amendment of the 2011
 order and render judgment denying the motion to amend.
 

 COLEMAN, J., JOINS THIS OPINION.
 

 This Court may look to the federal courts for guidance because our procedural rules are modeled after their federal counterparts.
 
 Cannon v. Cannon
 
 ,
 
 571 So.2d 976
 
 , 978 (Miss. 1990).