# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-CA-00219-SCT

*MELONEY HARBOUR, AS NEXT FRIEND OF*
*T.D.H, A MINOR*

*v.*

*TUPELO PUBLIC SCHOOL DISTRICT AND JIM*
*HOOD, EX REL. STATE OF MISSISSIPPI*


DATE OF JUDGMENT:     11/21/2017
TRIAL JUDGE:       HON. T. K. MOFFETT
TRIAL COURT ATTORNEYS:  JULIAN D. MILLER
              OTIS R. TIMS
COURT FROM WHICH APPEALED: LEE COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANTS: JULIAN D. MILLER
              DEBRA M. GILES
ATTORNEYS FOR APPELLEES:  OTIS R. TIMS
              MARTHA BOST STEGALL
              OFFICE OF THE ATTORNEY GENERAL
              BY: DOUGLAS T. MIRACLE
NATURE OF THE CASE:    CIVIL - OTHER
DISPOSITION:       AFFIRMED - 06/13/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE KITCHENS, P.J., MAXWELL AND CHAMBERLIN, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1. Following a disciplinary proceeding, Meloney Harbour's minor son, T.D.H.,[1] was

suspended from school and placed in an alternative school. The chancery court initially

reversed and rendered the decision of the Tupelo Public School District Board of Trustees

---

[1] We refer to the minor student as "T.D.H." to preserve his anonymity.

after finding that the deprivation of an attorney at the initial disciplinary hearing, as well as the failure to state the applicable standard of proof, violated T.D.H.'s due process rights. After a Mississippi Rule of Civil Procedure 59(a) motion, the chancery court amended its judgment to remand the case instead of rendering it.

¶2. Harbour then filed a Mississippi Rule of Civil Procedure 60(b) motion and—for the first time—challenged the constitutionality of Mississippi Code Section 37-9-71. Section 37-9-71 controls school disciplinary proceedings and, according to Harbour, contains an unconstitutional standard of proof—substantial evidence—rather than clear and convincing evidence. Miss. Code Ann. § 37-9-71 (Supp. 2018). Harbour did not notice the attorney general of the constitutional challenge to the statute. Finding that Harbour failed to meet her burden under Rule 60(b), the chancery court denied the motion. Harbour then appealed that ruling. We affirm the chancery court's denial of the Rule 60(b) motion.

## FACTS AND PROCEDURAL HISTORY

¶3. On March 30, 2017, a schoolteacher filed a discipline referral stating that T.D.H., a minor enrolled at Tupelo Middle School in the Tupelo Public School District, was reported passing a substance alleged to be marijuana to a fellow student. Six days later, the school's disciplinary committee held a hearing to review the referral and to review the school's recommendation for disciplinary action. Harbour, T.D.H.'s mother, was present at the hearing on behalf of T.D.H. T.D.H.'s attorney was not allowed at the hearing under the school district's policy. The committee reviewed the students' statements and heard testimony from T.D.H., Talina Knight, an assistant principal, and Dr. Brock English, a

2

principal. The committee reviewed the evidence, which it found "support[ed] the initial charge of possession and passing of marijuana." The committee then upheld the school's recommendation to place T.D.H. in an alternative school at the "Structured Day Program" for 180 days.

¶4. Harbour appealed the committee's decision to the Tupelo Public School District Superintendent, who upheld the committee's decision. Harbour then appealed the superintendent's decision to the Tupelo Public School District's Board of Trustees, which also upheld the committee's decision. Harbour and her attorney viewed the video of the incident on that same day.

¶5. On June 12, 2017, Harbour appealed the school board's decision to the Chancery Court of Lee County to determine "whether the . . . District . . . violated its handbook's code of conduct and policies and procedures as well as T.D.H.'s due process rights." Harbour also requested that the court declare that the school district provide remedial instruction to T.D.H., expunge T.D.H.'s suspension and recommendation from his record, require the school district to provide make-up testing to T.D.H. and provide injunctive relief allowing T.D.H. to return to his regular school setting.

¶6. The chancery court entered its first Memorandum Order on September 26, 2017. It held that the school district's failure to allow T.D.H. to have counsel present at the hearing and the school district's failure to state the standard of proof violated T.D.H.'s due process rights. Also, it found that T.D.H. was substantially prejudiced by these violations. The court reversed and rendered the decision, ordering T.D.H.'s immediate reinstatement to his original

3

school and ordering the school district to "rewrite their due process policies to comply with Miss. Code Ann. § 37-9-71."

¶7.     Next, the school district filed a Rule 59 Motion to Alter or Amend Judgment. The chancery court entered an order denying the Rule 59 motion in part and granting it in part. The court reaffirmed its decision that the school district violated T.D.H.'s due process rights by not allowing T.D.H. to have counsel present at the hearing and for failing to state a burden of proof. Doing so, it found "an error of law to be corrected, and . . . remand[ed] the merits of this cause" to the school district with instructions to conduct a new committee hearing in compliance with Mississippi Code Section 37-9-71(Supp. 2018). The court additionally left in place the injunctive relief allowing T.D.H. to remain in school "on a temporary basis, as a preliminary injunction only, which is to say until the hearing and all available administrative procedures have been exhausted."

¶8.     After the court entered its order on the Rule 59 motion, Harbour filed a Motion to Reconsider under Mississippi Rule of Civil Procedure 60(b). She sought to stay remand, to receive a temporary restraining order to stay a new disciplinary hearing and to receive a declaratory judgment as to the standard of proof under Section 37-9-71. In support of the Rule 60(b) motion, Harbour argued for the first time that the evidentiary standard for disciplinary proceedings in Mississippi Code Section 37-9-71—substantial evidence—was "constitutionally insufficient to undergird such decisions in that the Mississippi Supreme Court has held education to be a 'fundamental right.'" Harbour argued that the constitutionally permissible standard of proof should be "clear and convincing evidence"

4

instead.  Moreover, Harbour argued that substantial evidence is in fact an appellate standard of review rather than an evidentiary standard of proof.  Finally, Harbour argued that T.D.H. would suffer irreparable harm by "being subjected to an unnecessary hearing and . . . being deprived of his fundamental right to an education by application of an unconstitutional standard of proof."  At this stage in the litigation, Harbour did not notice the attorney general of the constitutional challenge.

¶9.    On January 12, 2018, the chancery court denied the Rule 60(b) motion, finding that Harbour did not meet her burden under Rule 60(b) and further that Harbour had failed to establish grounds to stay remand and for the Court to issue a declaratory judgment regarding the constitutional adequacy of Section 37-9-71's mandate of substantial evidence as a standard of proof.  Aggrieved, Harbour filed a notice of appeal, arguing that the chancery court erred in denying the Rule 60(b) motion.  In the notice of appeal, Harbour notified the attorney general of the constitutional challenge to Section 37-9-71.

¶10.   On appeal, Harbour briefs three issues.  First, Harbour maintains that the chancery court erred in denying the Rule 60(b) motion.  Second, Harbour alleges that the chancery court correctly determined that T.D.H.'s constitutional and statutory due process rights were violated.  Third, Harbour argues that the chancery court erred in determining that substantial evidence existed against T.D.H.  Harbour's constitutional challenge, though, is not properly before the Court, and this issue is dispositive of the appeal.

**STANDARD OF REVIEW**

¶11.   "Our precedents make clear that the standard of review for an appeal of a Rule 60

5

motion is abuse of discretion." ***Tyler v. Auto. Fin. Co.***, 113 So. 3d 1236, 1239 (Miss. 2013) (citing ***Accredited Sur. and Cas. Co., Inc. v. Bolles***, 535 So. 2d 56, 58 (Miss. 1988)). Moreover, "where questions of law are raised the applicable standard of review is *de novo*." ***Brown v. State***, 731 So. 2d 595, 598 (Miss. 1998) (citing ***Bank of Miss. v. S. Mem'l Park, Inc.***, 677 So. 2d 186, 191 (Miss. 1996)).

## ANALYSIS

*Final Judgment*

¶12.   At the outset, we address the attorney general's argument that the chancery court's denial of the Rule 60(b) order was not a final, appealable judgment.  The attorney general relies on ***Tucker v. Williams***, 198 So. 3d 299 (Miss. 2016), and concludes that the chancery court's remand of the action to the committee amounted to an interlocutory order.

¶13.   The ***Tucker*** Court stated, "This argument turns on whether the denial of the motion for reconsideration was a final judgment from which an appeal could have been taken." ***Tucker***, 198 So. 3d at 306.  In ***Tucker***, the Court concluded that the denial of the motion for reconsideration was not a final judgment because "[a] clerk's entry of default is an 'interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b).'" ***Id.*** at 307 (quoting 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2692 (3d ed.), Westlaw (database updated Apr. 2019)).

¶14.   Here, the case came before the chancery court on a "Notice of Appeal and Motion for Injunctive Relief," in which Harbour was appealing the decision of the committee.  In its first

order, the chancery court found that barring T.D.H.'s attorney's appearance at a hearing amounted to "substantial prejudice," and it reversed and rendered the decision of the committee, which would have placed T.D.H. back in his regular school permanently. The school district then filed a "Rule 59 Motion to Alter or Amend Judgment." The chancery court then issued an order partially denying and granting the Rule 59 motion; it reversed and *remanded* to the committee for a hearing that provides T.D.H. his due process rights. Further, the court left in place the injunctive relief, holding that T.D.H. was to remain in his regular school until "the hearing and all available administrative procedures have been exhausted." In response, Harbour filed a motion to reconsider. Applying Rule 60(b), the chancery court denied Harbour's motion.

¶15. In *Tucker*, the first order was interlocutory. *Tucker*, 198 So. 3d at 307. Therefore, the order following the Rule 60(b) motion was also interlocutory. *Id.* Here, the question is whether the chancery court's first order was interlocutory. In the original order, the chancery court ruled on the merits, determining that the finding of the committee was supported by substantial evidence, but it then reversed and rendered as a result of T.D.H.'s due process entitlement to an attorney at the hearing.

¶16. In a concurring opinion, then-Presiding Judge Southwick of the Court of Appeals concluded, "A decision by the first level appellate court that the agency was definitely wrong in one of its final decisions, even if the court remands for the agency to conduct further proceedings based on that reversal, is a final judgment that is appealable." *J.R. Logging v. Halford*, 765 So. 2d 580, 589 (Miss. Ct. App. 2000) (Southwick, P.J., concurring). The

Court later reviewed then-Presiding Judge Southwick's concurring opinion, and stated, "We agree with this interpretation." ***Southwood Door Co. v. Burton***, 847 So. 2d 833, 838 (Miss. 2003). In ***Burton***, the Court determined that the circuit court's order reversing and remanding to the administrative agency was final in nature, because the reversal was procedural and because it was not based on an insufficient record to consider the merits. ***Id.***

¶17. Here, the chancery court's order disposed of the merits, reversing and rendering (later remanding) the case on the due process issue. The instant case is analogous to ***Burton***. The chancery court had enough information to make a finding on the merits. The remand was based on a procedural due process issue. Therefore, the order was final and was properly appealed by Harbour.

*Rule 60(b)*

¶18. Next, the attorney general contends that Harbour waived the constitutional challenge to Section 37-9-71 by not raising it until she filed the Rule 60(b) motion. We find that the chancery court did not err in denying the motion, because Harbour's challenge is not properly before us.[2]

¶19. Rule 60(b) provides, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . accident or mistake . . . ." M.R.C.P. 60(b)(2). The Court has stated, "A party is not entitled to relief merely because he is unhappy with the judgment, but he must

---

[2] The attorney general moved to dismiss Harbour's constitutional challenge on May 30, 2018. Since the chancery court did not err in denying the Rule 60(b) motion and because we find that the constitutional challenge is not properly before us, the attorney general's motion is dismissed as moot.

8

make some showing that he was justified in failing to avoid mistake or inadvertence; gross negligence, ignorance of the rules, or ignorance of the law is not enough." ***Moore v. Jacobs***, 752 So. 2d 1013, 1015 (Miss. 1999) (quoting ***Stringfellow v. Stringfellow***, 451 So. 2d 219, 221 (Miss. 1984)).

¶20. Harbour asserts that her argument about whether the substantial evidence standard violates the constitution is properly before the Court. Specifically, Harbour argues that the chancery court's "failure to address the issue of a constitutionally permissible standard of proof was either accident, error, or—if not—then certainly a reason justifying relief from judgment."

¶21. Based on the arguments and briefing of the parties, when the chancery court issued its original order, it addressed the merits of the claim, finding that the decision of the committee was supported by substantial evidence. It then turned to the due process issue, determining that Section 37-9-71 applied retroactively and required that T.D.H. have the assistance of legal counsel at the committee hearing. The chancery court went on to find that the school board's actions "in disallowing [T.D.H.'s] attorney from being present at the hearing amount[ed] to substantial prejudice." It then reversed and rendered.

¶22. Harbour did not then file a Rule 60(b) motion arguing that the chancery court had accidently or mistakenly forgotten to make a ruling on whether the substantial evidence standard is constitutional under Section 37-9-71. In fact, the chancery court addressed the due process issue under Section 37-9-71, as Harbour had urged. After the school district filed its motion for reconsideration, the chancery court issued a second order, and the only

9

substantive change to the order was that it reversed and remanded instead of reversing and rendering. Notably, the chancery court still found that a due process violation had occurred under Section 37-9-71. After the second order was entered, Harbour raised for the first time the question of the constitutionality of Section 37-9-71 in her Rule 60(b) motion. Further, at oral argument before the first order was entered, the chancery court asked Harbour's attorney whether the case should be remanded or rendered, and Harbour's attorney responded "I would prefer a reverse and render to allow [T.D.H.] back in school." He then added, "We alleged a violation of the statute of law and so that requires a rendering of the entire decision because they violated his statutory rights."

¶23.    As stated above, "'A party is not entitled to relief merely because he is unhappy with the judgment . . . .'" *Moore*, 752 So. 2d at 1015 (quoting *Stringfellow*, 451 So. 2d at 221). Further, the Court has stated that it "will not entertain on appeal a new theory of unconstitutionality which could have been raised, but was not advanced, before the trial court until a post-judgment motion." *Wright v. White*, 693 So. 2d 898, 903 (Miss. 1997), *overruled on other grounds by E. Miss. State Hosp. v. Callens*, 892 So. 2d 800 (Miss. 2004); *see Powers v. Tiebauer*, 939 So. 2d 749, 755 (Miss. 2005) (holding that litigant was procedurally barred from raising constitutional challenge for the first time on appeal).

¶24.    In addition, Harbour did not notice the attorney general of the constitutional challenge in a timely manner. Rule 24(d) provides in pertinent part that "the party asserting the unconstitutionality of the statute shall notify the Attorney General of the State of Mississippi within such time as to afford him an opportunity to intervene and argue the question of

10

constitutionality." M.R.C.P. 24(d). "This Court has procedurally barred challenges to the constitutionality of a statute where a party failed to notify the Attorney General." *Martin v. Lowery*, 912 So. 2d 461, 465 (Miss. 2005) (citing *Cockrell v. Pearl River Valley Water Supply Dist.*, 865 So. 2d 357, 360 (Miss. 2004)). While Harbour noticed the attorney general in the notice of appeal, this was untimely and certainly not "within such time as to afford [the attorney general] an opportunity to intervene and argue the question of constitutionality." M.R.C.P. 24(d); *see McNeil v. Hester*, 753 So. 2d 1057, 1075 (Miss. 2000) ("This Court has held that the filing of a notice of appeal transfers jurisdiction of a matter from the lower court to this Court [ ] and that the lower court is thus without authority to amend, modify, or reconsider its judgment." (citing *Wright*, 693 So. 2d at 903)).

¶25. The chancery court did not mistakenly or accidently omit an analysis of the constitutional issue. The issue, simply, was not properly before the chancery court for review, since Harbour raised it for the first time in the Rule 60(b) motion. Therefore, the chancery court did not err in denying the Rule 60(b) motion, and we will not address a constitutional challenge that is not properly before us.

*Substantial Evidence*

¶26. We decline to review the chancery court's determination that there was substantial evidence in the record against T.D.H., because the issue is not properly before us. While Harbour did provide that she was appealing "other grounds that may be presented to the Mississippi Supreme Court upon appeal," she limited the notice of appeal to a review of one order: the order denying the Rule 60(b) motion. Thus, Harbour did not appeal the merits of

11

the case, and we decline to review them. *See* M.R.A.P. 3(c) ("The notice of appeal . . . shall designate as a whole or in part the judgment or order appealed from.").

## CONCLUSION

¶27.    The chancery court's denial of the Rule 60(b) motion was a final, appealable judgment. Neither Harbour's constitutional challenge nor the review of the chancery court's determination on the merits of the appeal is properly before us. Because the chancery court did not err in denying the Rule 60(b) motion, we affirm and remand to the chancery court with instructions for that court to remand the case to the committee for a new hearing.[3]

¶28.    **AFFIRMED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.   RANDOLPH, C.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

_____

[3] The attorney general's motion to dismiss Harbour's constitutional challenge is dismissed as moot.