989 So.2d 488 (2008)
Mauyad "Mike" ALQASIM, Appellant,
v.
CAPITOL CITY HOTEL INVESTORS, LLC d/b/a Hampton Inn North and Security One, Inc., Appellees.
No. 2007-CA-00531-COA.
Court of Appeals of Mississippi.
August 26, 2008.
*490 Derek L. Hall, Attorney for Appellant.
Melton James Weems, Roy A. Smith, Tara Strickland Clifford, Michael J. Tarleton, Shanda L. Lewis, Jackson, attorneys for appellees.
Before LEE, P.J., CHANDLER and GRIFFIS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On December 31, 2003, Mauyad "Mike" Alqasim was unloading his vehicle in the parking lot of the Hampton Inn North on Briarwood Drive in Jackson, Mississippi at approximately 10:15 p.m. when he was approached by an unknown person and told to "give it up." The assailant took Alqasim's money and jacket and shot him in the left leg. A hotel guest found Alqasim in the parking lot and called the police and an ambulance.
¶ 2. On January 23, 2004, Alqasim filed a complaint in the Hinds County Circuit Court against Capitol City Hotel Investors, Inc., the owner and operator of Hampton Inn North ("Hampton Inn"). The complaint alleged negligence against Hampton Inn for failing to keep its guests safe. Security One, Inc., an independent contractor hired by Hampton Inn to provide security, was later added as a defendant. Hampton Inn and Security One filed motions for summary judgment. After hearing arguments from the parties, the circuit court granted the motions for summary judgment. The circuit court found summary judgment was proper because no genuine issue of material fact was presented regarding causation.
¶ 3. Alqasim now appeals, citing the following issues: (1) genuine issues of material fact existed regarding Hampton Inn's *491 and Security One's duty to him; (2) genuine issues of material fact existed regarding Hampton Inn's and Security One's actual or constructive knowledge of the atmosphere of violence on the premises; (3) genuine issues of material fact existed regarding Hampton Inn's and Security One's breach of the duty of care; and (4) genuine issues of material fact existed regarding the proximate cause of his injuries. As all the issues relate to whether or not negligence was shown sufficient to defeat summary judgment, they will be discussed together.
¶ 4. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 5. In reviewing a lower court's grant of summary judgment, this Court employs a de novo standard of review. Anglado v. Leaf River Forest Prods., 716 So.2d 543, 547(¶ 13) (Miss.1998). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). This Court will consider all of the evidence before the lower court in the light most favorable to the non-moving party. Palmer v. Anderson Infirmary Benevolent Ass'n, 656 So.2d 790, 794 (Miss.1995). The party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). "[W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law." Galloway v. Travelers Ins. Co., 515 So.2d 678, 684 (Miss.1987).

DISCUSSION
¶ 6. Alqasim argues that the trial court's finding of a lack of causation between the alleged breach of duty and his injury was in error, and summary judgment was not appropriate.
¶ 7. Three elements must be shown in analyzing negligence in premises liability cases: "first, the court must determine the status of the injured party as invitee, licensee, or trespasser; second, based on the injured's status, the court must determine what duty the landowner/business operator owed the injured party; and third, the court must determine whether the landowner/business operator breached the duty owed the injured party." Thomas v. The Columbia Group, LLC, 969 So.2d 849, 852(¶ 11) (Miss.2007).
¶ 8. We find that Alqasim's status when he was injured was that of an invitee. An invitee is one who "enters the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." Id. at (¶ 12). At the time of the injury, Alqasim was a paying guest of the hotel; thus, he was an invitee of Hampton Inn. As an invitee, Hampton Inn owed Alqasim, "a duty of reasonable care to protect its patrons from attacks by third parties while they are on its premises." Gatewood v. Sampson, 812 So.2d 212, 219(¶ 13) (Miss. 2002). "The duty imposed upon a business proprietor to protect a patron from assaults by other patrons is that the business owner, though not an insurer of the invitee's safety, has a duty to exercise reasonable care to protect the invitee from reasonably foreseeable injury at the hands of *492 other patrons." Id. (quoting Lyle v. Mladinich, 584 So.2d 397, 399 (Miss.1991)).
¶ 9. We will first examine if Security One owed a duty to Alqasim, and if so, did Security One breach that duty. Since the contract to provide security services was between Security One and Hampton Inn, Alqasim must first be deemed to be a third-party beneficiary to the contract before liability is found against Security One. "In order for the third person beneficiary to have a cause of action, the contracts between the original parties must have been entered into for his benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties as shown by its terms." Rein v. Benchmark Constr. Co., 865 So.2d 1134, 1146(¶ 38) (Miss.2004) (citation omitted). That is, the right of a third party to a contract to maintain an action "must spring from the terms of the contract itself." Id. The service agreement between Hampton Inn and Security One states that Security One will "provide uniformed personnel and equipment to provide services at Client's premises. . . ." Security One's mission statement regarding its responsibilities to Hampton Inn states, "It is our responsibility to maintain the highest level of protection and safety for the employees, property[,] and guests." One of Security One's duties under the contract was to protect guests of Hampton Inn. We agree with the trial court that as a guest of Hampton Inn, Alqasim was a third-party beneficiary to the contract with Security One.
¶ 10. Security One's standard operating procedures and on-site duties overview states, "The function of the Security Officer primarily involves the monitoring of the parking lots and the hotel interior using high visibility as a deterrent." Security One used a "Deggy" system to track the general location of its guards. The Deggy system is a computer-based program with small buttons placed around the premises in locations selected by Hampton Inn. The guards carry hand-held wands which they use to touch the buttons with as they walk near them. A report then can be generated for the client showing the time and area patrolled.
¶ 11. Alqasim asserts three arguments to show that Security One breached the applicable standard of care owed to him on the night of the shooting. First, he argues that some of the buttons in the Deggy system were not working; thus, a jury could find that Security One breached the applicable standard of care in failing to provide proper security. To support his argument, Alqasim points to a few entries in the report generated by the Deggy system that stated, "button not registered." According to Wes Scrape, the general manager of Hampton Inn, this meant that either the button had become not registered or that the name of the button was not correctly inputted. We find this argument to be without merit as all the other buttons were pressed three times in the hour before the shooting as was consistent with the standard operating procedures.
¶ 12. Second, Alqasim argues that the security was "inept, at best," because the lock on the door to the west entrance of the hotel, near where he was shot, was broken, allowing anyone to enter the hotel. One of the duties of the security guards was to check all doors, other than storage doors, and to look for doors that may be unlocked, ajar, or not functioning properly. While it is possible that Security One was negligent in its duty to check all the doors, this breach of duty must also be the proximate cause of Alqasim's injuries. Alqasim was not injured inside the hotel, and the assailant never entered the hotel. Alqasim was robbed and shot in the parking lot of the hotel. Thus, the broken lock was *493 not the proximate cause of Alqasim's injury, and this argument also fails to create a genuine issue of material fact.
¶ 13. Third, Alqasim points out that according to the Deggy system, the last patrol of the parking lot occurred at 10:01 p.m., at least fifteen minutes before the incident. Alqasim argues that the failure to patrol the parking lot more frequently could be determined by a jury to be a breach of the applicable standard of care. According to Scrape, a security guard and his supervisor were on duty at the time of the shooting. Scrape testified that the security guard and his supervisor were speaking to each other in the front area of the hotel when the incident occurred. The shooting occurred between 10:15 and 10:30 p.m. on the northwest side of the building. According to Scrape, the security guard was "just on the northwest side of where the incident occurred" based on the report generated by the Deggy system. In the hour prior to the assault, the parking lot had been patrolled three times, as required by the standard operating procedures. The Deggy report showed that the guard touched the northwest light-pole button at 9:48 p.m., the west light-pole at 10:00 p.m., and the northwest light-pole again at 10:01 p.m. We find no breach by Security One of its duty to have a security guard make three rounds per hour in the parking lot. Further, Alqasim cannot show that more patrols per hour would have prevented him from being robbed and shot on Hampton Inn's premises.
¶ 14. We cannot find any genuine issue of material fact that would be sufficient to defeat Security One's motion for summary judgment. The "duty to exercise reasonable care to protect the invitee from reasonably foreseeable injury at the hands of other patrons" is placed on the owner of the business. Gatewood, 812 So.2d at 219(¶ 13). Security One had no ownership interest in Hampton Inn; thus, Security One did not owe a duty to Alqasim beyond the terms and conditions of its security contract.
¶ 15. Finally, we find no genuine issue of material fact with regard to whether Hampton Inn acted negligently. Alqasim argues that Hampton Inn knew that an atmosphere of violence existed on the premises, yet it failed to put into place security procedures that would adequately protect its guests. To support his argument, Alqasim introduced the affidavit of Tyrone Lewis, a security expert and former police commander with the Jackson Police Department. Lewis's affidavit makes general statements and broad conclusions as to Hampton Inn's negligence. For example, Alqasim's expert designation states that Lewis was expected to testify, inter alia, that Hampton Inn "knew or should have known that an atmosphere of violence existed"; "did not provide adequate security"; "had no surveillance cameras in place"; "should have provided a fenced-in parking area"; "should have provided for additional trained officers"; should have foreseen the incident "in light of the atmosphere of violence which existed on the premises"; and should have known that the "security measures provided. . . were unreasonable, inappropriate[,] and unsatisfactory for a hotel property of similar size and location."
¶ 16. These assertions are not sufficient to show that any action or inaction of Hampton Inn caused Alqasim's injury. Alqasim has not shown that if the security was somehow different, the incident would not have occurred. Therefore, we find that Alqasim has failed to present any evidence sufficient to create a genuine issue of material fact, thereby avoiding summary judgment.
*494 ¶ 17. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.