WALLER, Chief Justice,
for the Court:
¶ 1. Charles Blackmon and Dexter Booth sued Malaco, Inc.; N.J. Pockets, Inc.; and Callop Hampton (owner of Hamp’s Place Night Club) on a premises-liability claim. The plaintiffs settled with Malaco. At trial, the jury returned a verdict in favor of Hampton. Hampton filed a post-trial motion, requesting the trial court to impose sanctions against Blackmon, Booth, and their attorney, Joe Tatum, for filing a frivolous lawsuit and to award attorney fees. The motion was denied, and Hampton appealed that judgment to this Court. We affirm.

FACTS AND PROCEDURAL HISTORY

¶ 2. Hampton designated no transcript, and no testimony of the trial was made a part of the record. This Court is unable to know what facts were established at trial. The following facts are gleaned from depo *634 sitions, motions, police reports, and other documents found in the record.
¶ 3. Blackmon, Booth, and Jharoski Davenport were leaving Hamp’s Place Night Club and returning to their car when they were shot in the parking lot of Malaco, Inc. Davenport was killed and Blackmon and Booth were injured. Black-mon and Booth filed a premises-liability complaint against Malaco and Hampton. The Malaco parking lot is about 100 yards from Hamp’s Place. Essentially, the plaintiffs averred that the parking lot of Hamp’s Place Night Club was full when they arrived, but a man was motioning people to park in Malaco’s lot and was charging $5 to park there.
¶ 4. After filing an answer, Hampton’s attorney asked Booth’s and Blackmon’s attorney to dismiss Hampton from the lawsuit, because the shooting did not take place on Hampton’s property. After they refused, Hampton filed a motion for summary judgment, arguing the shooting did not take place on Hampton’s property and that Hampton did not own, operate, or regulate the Malaco parking lot.
¶ 5. The trial court denied Hampton’s motion for summary judgment, finding there were genuine issues of material fact. Hampton filed a motion to reconsider, which also was denied. A panel of this Court denied Hampton’s interlocutory appeal. Malaco was later dismissed from the suit, leaving Hampton as the sole defendant. After a trial on the merits, a jury returned a verdict in favor of Hampton. Thereafter, Hampton filed a motion for sanctions under Rule 11 and the Litigation Accountability Act. The plaintiffs also filed a motion for sanctions.
¶ 6. A hearing on the matter was held before the trial court. The transcript of the hearing was made a part of the record. The crux of Hampton’s argument was that Booth’s and Blackmon’s attorney, Joe Tatum, should have known “that a premises security lawsuit cannot be maintained against an individual or entity who does not own, operate, or possess the property where the assault in question took place,” and, further, that Tatum cited no Mississippi cases in support of his argument. Tatum argued that the plaintiffs had offered to dismiss Hampton from the suit a year before trial, which Hampton admitted. However, Hampton argued that more than a year had transpired before the offer to dismiss, and Hampton wanted to clear his name at trial. The trial court denied both motions. Hampton filed the present appeal from this order.

DISCUSSION

I. Whether the trial court erred by denying Hampton’s motion for sanctions.
¶ 7. The decision to award monetary sanctions is left to the discretion of the trial court. See McNeese v. McNeese, 129 So.3d 125, 130-31 (Miss.2013); In re Spencer, 985 So.2d 330, 337 (Miss.2008); Miss.Code Ann. § 11-55-1 (Rev.2012); Miss. R. Civ. P. 11. This Court reviews a judgment denying sanctions for abuse of discretion. In re Spencer, 985 So.2d at 337. “In the absence of a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors, the judgment of the court’s imposition of sanctions will be affirmed.” Id. (citations and quotations omitted).
¶ 8. Rule 11 states that, if the trial court finds a motion or pleading is frivolous or is filed for the purpose of harassment or delay, the court may order such a party ... to pay to the opposing party ... reasonable expenses.... Miss. R. Civ. P. 11. A claim is frivolous when the claimant has no hope of success. See *635 Leaf River Forest Prods, v. Deakle, 661 So.2d 188, 196-97 (Miss.1995) (citation omitted). Thus, sanctions would be inappropriate if the plaintiff had some chance of success. Choctaw, Inc. v. Campbell-Cherry-Harrison-Davis and Dove, 965 So.2d 1041, 1044 (Miss.2007) (quotation omitted).
¶ 9. The crux of Hampton’s argument in his motion for sanctions was that the assault occurred in Malaco’s parking lot, and Hampton did not own, operate, or regulate that parking lot; thus, there was no substantial justification or hope of success for Tatum to maintain a premises-security claim against Hampton.
¶ 10. In response, Tatum argues that other states “have not hesitated to hold a premises owner liable for injuries occurring in an adjacent or nearby parking lot where the premises owner makes use of that lot.” See e.g., Southland Corp. v. Superior Court, 208 Cal.App.3d 656, 250 Cal.Rptr. 57 (Cal.App.1988); Ember v. B.F.D., Inc., 490 N.E.2d 764 (Ind.App.1986). Thus, Tatum argues there was evidence to support his theory that, where a business owner benefits from using a nearby parking lot, he could be held liable for injuries occurring to his patrons there.
¶ 11. Hampton cites generally two Mississippi cases, Gatewood v. Sampson, 812 So.2d 212 (Miss.2002), and Alqasim v. Capitol City Hotel Investors, 989 So.2d 488 (Miss.2008), in support of his argument that “Mississippi law ... holds a premises liability lawsuit cannot be maintained against an individual or entity, who does not own, operate or possesses the premises where the assault takes place.”
¶ 12. In Gatewood, a gas-station patron using a pay phone on the premises was shot by armed robbers leaving the gas station after a heist. Gatewood, 812 So.2d at 216-17. This Court stated the general proposition that business owners owe a duty of reasonable care to protect patrons “from attacks by third parties while they are on [the business’s] premises.” Id. at 219. Further, this Court stated that the duty extends to “the parking lot area around the building.” Id. (citing Lyle v. Mladinich, 584 So.2d 397, 399 (Miss.1991)). In Alqasim, a hotel invitee was shot in the leg during a robbery in the hotel’s parking lot. Alqasim, 989 So.2d at 491. The Court quoted the above passage from Gatewood regarding the duty of care imposed on a business owner. Id. at 491-92.
¶ 13. We find Hampton’s argument is without merit. This Court has found that, “[t]o deem a question of law ‘frivolous, groundless in fact or law or vexatious’ merely because there is not existing Mississippi law on the subject would have a chilling effect on all litigation of first impression.” Anderson v. B.H. Acquisition, Inc., 771 So.2d 914, 922 (Miss.2000) (quoting Scruggs v. Saterfiel, 693 So.2d 924, 927 (Miss.1997)). Although this Court has generally held owners could be held responsible for attacks that occur on their premises, neither Gatewood nor Alqasim expressly held a premises-liability claim could never be maintained against an individual who does not own, operate, or possess the premises where the assault takes place.
¶ 14. Tatum cites cases from other jurisdictions to promote his theory that Hampton could be held liable if the facts at trial indicated he knew about the off premises parking and encouraged patrons to park at Malaco when his parking lot was full. For example, in Holiday Inns, Inc. v. Shelburne, a similar factual situation occurred in which the bar of the Holiday Inn had inadequate parking for its patrons and a patron parked in a nearby lot and was assaulted. However, it was hotly disputed at trial whether Holiday Inn employees had directed patrons to park in the *636 off-premises lot. Holiday Inns, Inc. v. Shelburne, 576 So.2d 322, 328-330 (Fla.Dist.Ct.App.1991), (overruled on other grounds by Angrand v. Key, 657 So.2d 1146, 1149 (Fla.1995)). That court found that Holiday Inn owed a duty of care to patrons who had parked off the premises actually owned “where the invitor has extended its business activities beyond its legal boundaries.... ” Holiday Inns, Inc., 576 So.2d at 330.
¶ 15. If the plaintiffs’ factual arguments are taken as true, this claim would not be categorized as being “without hope of success” and therefore frivolous. However, because there is no trial transcript, this Court has no way of knowing whether the plaintiffs were able to substantiate these allegations at trial. However, the appellant bears the burden of designating “those parts of the record necessary for the appeal.” Miss. R. App. P. 10(b)(1). Therefore, we find the record contains insufficient evidence to analyze Hampton’s argument. See Pratt v. Sessums, 989 So.2d 308 (Miss.2008).

CONCLUSION

¶ 16. Under the applicable standard of review, we hold the trial court did not abuse its discretion in denying Hampton’s motion for sanctions. Therefore, we affirm the judgment of the Hinds County Circuit Court.
¶ 17. AFFIRMED.
DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.