# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-01036-COA

**CHARLES L. ROGERS**                                                  **APPELLANT**

**v.**

**NEWSOUTH NEUROSPINE LLC, FRANK**                   **APPELLEES**
**YORK, RAHUL VORAH, M.D. AND ALICE**
**MESSER**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/30/2022 |
| TRIAL JUDGE: | HON. M. BRADLEY MILLS |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLES L. ROGERS (PRO SE) |
| ATTORNEYS FOR APPELLEES: | CECIL MAISON HEIDELBERG |
| | TRESA BARKSDALE PATTERSON |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 03/19/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., LAWRENCE AND McCARTY, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. Charles Rogers was a patient at NewSouth NeuroSpine LLC (NewSouth) located in Flowood, Mississippi. After several years of treatment, Rogers filed a complaint against NewSouth and its manager, along with Rogers's doctor and nurse practitioner, alleging tortious conduct and requesting damages. NewSouth filed a motion to dismiss. The circuit court granted NewSouth's motion, stating that Rogers's claims were time-barred. Rogers filed a motion for relief from the judgment as well as a motion for contempt with sanctions two months later. NewSouth responded with a request for fees and costs. The circuit court denied both motions. Rogers now appeals.

# FACTUAL BACKGROUND

¶2. Charles Rogers was injured in an "industrial accident" in September 2010 and began attending the pain management clinic owned and managed by NewSouth. Rogers's primary providers at the clinic were Dr. Rahul Vohra[1] and nurse practitioner Alice Messer. On October 25, 2021, Rogers filed a complaint pro se against NewSouth, its manager Frank York, Dr. Vohra, and Messer (collectively referred to as NewSouth in this opinion) in the Rankin County Circuit Court. On October 29, 2021, Rogers filed an amended complaint, which specifically alleged medical malpractice or medical negligence committed by NewSouth between 2015 and 2016.

¶3. On December 2, 2021, NewSouth filed a motion to dismiss the claim as untimely. On February 10, 2022, Rogers filed a motion to stay the proceedings or, in the alternative, a continuance in order to respond to the motion. On February 16, 2022, the circuit court granted Rogers sixty days to "retain counsel in th[e] matter or elect to proceed pro se" and stated that Rogers's response was to be filed no later than May 2, 2022. Attorney Alton Peterson filed a notice of appearance on Rogers's behalf on February 18, 2022. On May 2, 2022, the day his response was due, Rogers filed a motion for an extension of time. On May 4, 2022, his newly obtained attorney filed a response.[2] On May 17, 2022, the circuit court granted NewSouth's motion to dismiss the complaint as time-barred. Rogers did not appeal

---

[1] The record contains two different spellings of this doctor's name: "Vohra" and "Vorah." "Vohra" appears on the doctor's medical notes and the clinic's standard document headings. "Vorah" appears on the trial court docket and operative complaint.

[2] It is worth noting that this response was due on May 2, 2022, and Rogers's filing was two days late.

from the judgment.

¶4.    On July 22, 2022, Rogers filed a "Motion or Pet[i]tion for Contempt of Court with Sanctions" pro se.[3]  *See* M.R.C.P. 11.  The motion alleged that NewSouth, through its attorney, "deliberately misle[]d the court on several occasions . . . [and] deliberately lied to the court and slandered [Rogers] with a highly prejudicial, but false pleading."  On August 11, 2022, NewSouth responded to this motion and filed its own motion for fees and costs.

¶5.    On August 17, 2022, the day of the hearing on the contempt filing, Rogers filed a rebuttal response to NewSouth's response and motion.  In addition to repeating several allegations contained in his initial motion, Rogers raised an "alternative" Rule 60 motion. *See* M.R.C.P. 60.  The judge heard both the Rule 11 and Rule 60 arguments at the hearing.[4] The circuit court judge explained at the hearing's conclusion that he was denying "the relief sought by Mr. Rogers" and NewSouth's "motion for counter sanctions and attorneys' fees." On August 30, 2022, the circuit court entered its final order denying Rogers's motions, including NewSouth's request for sanctions.

---

[3]  Although Rogers filed this motion pro se, his attorney Alton Peterson was still listed as his attorney of record.  The record indicates that counsel for NewSouth informed Peterson of the filing via e-mail.  Peterson attended the motion for contempt hearing held in August.  On August 29, 2022, Peterson filed a motion to withdraw as counsel of record "to avoid the appearance of involvement in the subsequent filings in th[e] matter."

[4]  Rogers informed the judge when his case was called that he had filed a "rebuttal" to NewSouth's response earlier that morning under Rule 60.  The judge explained that "filing it this morning and us having a hearing on it today do[es]n't work," because he would have needed to review the filing beforehand.  Rogers stated that he did not receive NewSouth's response until the prior weekend, giving him "a short period of time to prepare a rebuttal."  The judge ultimately decided to proceed to the court's next case and then "take a look and we'll see what you filed then we'll get back on the record[.]"

¶6.     On September 28, 2022, Rogers filed his notice of appeal. On April 28, 2023, Rogers submitted his appellate brief. On May 1, 2023, the Clerk's Office sent Rogers a notice that his brief did not comply with the Mississippi Rules of Appellate Procedure.[5] The notification allowed him seven days to correct his brief; Rogers requested and was granted an extension of one week. Nonetheless, Rogers never submitted a corrected brief. NewSouth filed a motion to dismiss the appeal. On June 14, 2023, the Mississippi Supreme Court denied the motion.[6]

## STANDARD OF REVIEW

¶7.     We review circuit courts' rulings on both Rule 11 and Rule 60 motions for abuse of discretion.[7] *See Ill. Cent. R.R. Co. v. Broussard*, 19 So. 3d 821, 823 (¶8) (Miss. Ct. App.

---

[5] Specifically, Rogers's brief did not comply with Rules 25(b), 25(d), 28(a), 30, and 32(a) of the Mississippi Rules of Appellate Procedure.

[6] NewSouth argues that Rogers's appeal should be dismissed due to the lack of legal authority his brief contains. However, that issue was before the Mississippi Supreme Court when NewSouth moved for dismissal. The court granted the motion in part, giving NewSouth additional time to file a response, and dismissed the motion as to "[a]ll remaining claims." We therefore proceed without addressing the lack-of-legal-authority argument because the supreme court deemed the appeal fit to be heard by this Court.

[7] In a case decided in 2004, our supreme court held that "[t]he imposition of sanctions raises a question of law, the standard of review of which is de novo." *In re Est. of Ladner*, 909 So. 2d 1051, 1055 (¶15) (Miss. 2004) (citing *Amiker v. Drugs for Less Inc.*, 796 So. 2d 942, 945-46 (Miss. 2000)). In *Illinois Central*, this Court acknowledged the standard set out in *Ladner* but determined that "an extensive number of cases state that the proper standard of review regarding the imposition of sanctions is abuse of discretion." *Ill. Cent.*, 19 So. 3d at 823 (¶8) (quoting *Choctaw Inc. v. Campbell-Cherry-Harrison-Davis Cent.*, 965 So. 2d 1041, 1045 n.6 (Miss. 2007)). We recently applied the abuse-of-discretion standard for sanctions, specifically stating that the appellate court must first "determine[] whether the trial court applied the correct legal standard." *Macvaugh v. State*, No. 2021-CA-01317-COA, 2023 WL 6984946, at *3 (¶13) (Miss. Ct. App. Oct. 24, 2023) (unpublished) (citing *Smith v. Hickman, Goza & Spragins PLLC*, 265 So. 3d 139, 143 (¶5)

2009) (stating "the decision to award sanctions is within the discretion of the trial court" (citing Miss. Code Ann. § 11-55-5 (Rev. 2002))); *see also Tyler v. Auto. Fin. Co.*, 113 So. 3d 1236, 1239 (¶9) (Miss. 2013) ("Motions that seek relief from judgment pursuant to [Rule] 60 are addressed to the sound discretion of the trial court, and the only question asked on appeal is whether the trial court's ruling on such a motion amounts to an abuse of discretion." (quoting *Accredited Sur. and Cas. Co. v. Bolles*, 535 So. 2d 56, 58 (Miss. 1988))).

## DISCUSSION

¶8.     We begin by addressing Rule 11, which provides that "if the trial court finds a motion or pleading is frivolous or is filed for the purpose of harassment or delay, the court may order such a party . . . to pay to the opposing party . . . reasonable expenses[.]" *Hampton v. Blackmon*, 145 So. 3d 632, 634 (¶8) (Miss. 2014) (citing M.R.C.P. 11).  Rogers alleged that the circuit court erred "in its interpretation of law pertaining to Rule 11 sanctions."

¶9.     Specifically, the motion for sanctions alleged that counsel for NewSouth "contaminated the proceeding with [s]ham [p]leading[,] . . . deliberately misle[]d the court on several occasions," and "deliberately lied to the court and slandered [Rogers] with a highly prejudicial, but false pleading."  A majority of the motion simply rehashed arguments the court had already heard when determining whether to dismiss the case, such as the

---

(Miss. 2019)).  Although our decision in *Macvaugh* has not yet mandated, the law quoted is binding.  "If the trial court applied the correct standard, this Court considers whether the decision was one of several reasonable ones that could have been made."  *Id.*  This Court "will affirm a trial court's decision unless we have a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors."  *Id.* (quoting *Walker v. Cellular S. Inc.*, 309 So. 3d 16, 27 (¶42) (Miss. Ct. App. 2020)).

discovery-rule issue. As far as wrongful behavior, Rogers's motion focused heavily on NewSouth "misstating" his argument and "leaving off the complete statu[t]e" upon which Rogers's "case [wa]s founded[.]" In addition, he pointed to "scurrilous, unsupported remarks" made about him in documents filed with the court, such as statements that he sent threatening emails to NewSouth.

¶10. When denying the motion, the circuit court stated that "[t]he time to file a motion [for] that was while the case was going on, not after the case was over[.]" Indeed, Rogers's motion was filed on July 22, 2022, over two months *after* the court's dismissal of the action on May 17, 2022. "The Mississippi Supreme Court has held that a motion for Rule 11 sanctions is, in effect, a motion to amend the judgment in a cause." *Todd v. Clayton*, 53 So. 3d 827, 830 (¶12) (Miss. Ct. App. 2011) (quoting *Russell v. Lewis Grocer Co.*, 552 So. 2d 113, 117 (Miss. 1989)).

¶11. Motions to amend or alter judgments are governed by Rule 59(e) of the Mississippi Rules of Civil Procedure, which provides that such motions "shall be filed not later than ten days after entry of the judgment." M.R.C.P. 59(e). This time constraint applies to all motions for sanctions filed after the final judgment, even those with merit. *See Russell*, 552 So. 2d at 117 (holding that because of the time-bar, "even though Rule 11 sanctions are warranted, they will not now be imposed"). The proper time for Rogers to raise this motion would have been within ten days after the circuit court dismissed the case. We find no abuse of discretion on the circuit court judge's part for dismissing this motion as untimely.

¶12. We now proceed to address Rogers's alternative Rule 60 motion for relief from the

6

judgment. Contained at the conclusion of his "rebuttal" brief, the motion reads:

> However, in the Alternative, if not both; Under Rule 60, of Mississippi Rules, of Civil Procedure, rule, (a) and or (b), sections, 1, 2 or 3, Plaintiff Hereby, Motions This Court for Relief form [sic] its Judgement entered on or on about May 17, 2022, and return this case to the Dockett [sic]. . . . In support of Plaintiff's Motion for Relief for Judgement, Plaintiff offers the preceding twelve paragraphs, with exhibits, as if fully rewritten herein. Further, Plaintiff offers his previous Motion for Contempt with Sanctions, in its entirety, and supporting documents or exhibits, alone with anything contained within this voluminous case file, in support of plaintiff's motion.

¶13. Rule 60(a) provides that "[c]lerical mistakes in judgments . . . arising from oversight or omission may be corrected by the court . . . on the motion of any party."[8] M.R.C.P. 60(a). Rogers does not allege any specific clerical errors in his motion whatsoever. We therefore find the circuit court judge did not abuse his discretion when he rejected this argument.

¶14. As to Rogers's other three arguments, "Rule 60(b) provides for extraordinary relief granted only upon an adequate showing of exceptional circumstances[.]" *Campbell v. State*, 126 So. 3d 61, 64-65 (¶9) (Miss. Ct. App. 2013) (citing *Perkins v. Perkins*, 787 So. 2d 1256, 1261 (¶9) (Miss. 2001)). The three circumstances Rogers argues are applicable to his case follow: "(1) fraud, misrepresentation, or other misconduct of an adverse party; (2) accident

---

[8] The rule provides in full:

> Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders up until the time the record is transmitted by the clerk of the trial court to the appellate court and the action remains pending therein. Thereafter, such mistakes may be so corrected only with leave of the appellate court.

M.R.C.P. 60(a).

or mistake; [and] (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[.]"[9]  The circuit court judge stated at the hearing that the "new" evidence Rogers brought forth had been available at the pleadings stage and therefore could not be newly discovered.  He explained that even if Rogers had recently "read it for the first time . . . it was [already] out there and public information."  Just as with his Rule 60(a) argument, Rogers failed to allege any specific instances of Rule 60(b)(1)-(3) entitling him to a relief from the judgment. He "incorporated" the previous paragraphs responding to NewSouth as to its response to his request for sanctions, but his argument is otherwise incomplete.  We see no abuse of discretion on the circuit judge's part.  Pertinent to this case, "a party is not entitled to relief merely because he is unhappy with the judgment, but he must make some showing that he was justified in failing to avoid mistake or inadvertence[.]" *Campbell*, 126 So. 3d at 65 (¶9) (citing *Perkins*, 787 So. 2d at 1261 (¶9)).  It appears that disdain with the judgment is precisely the reason Rogers filed the Rule 60 motion.

¶15.   Nothing in the record before us signifies any sort of exceptional circumstances or

---

[9]  Rule 60(b) provides relief for the following reasons:

(1) fraud, misrepresentation, or other misconduct of an adverse party; (2) accident or mistake; (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the judgment.

M.R.C.P. 60(b)(1)-(6).

justification required for relief under Rule 60. Rogers filed suit against NewSouth alleging malpractice years after his claim was barred by the statute of limitations, leading to the circuit court judge's dismissal of the case. Displeased, Rogers filed a motion for contempt and sanctions more than two months later, after the case had already been closed. He attempted to request "alternative" relief in the form of a Rule 60 motion, not in a direct motion but in a reply to NewSouth's response to his Rule 11 motion. Rogers was unable to show any cause as to why he was entitled to any relief. When the circuit court judge dismissed the motions, Rogers was again unhappy and appealed. His arguments have not changed since he first filed his claims against NewSouth. The circuit court judge saw Rogers's case as simply what it was and what it remains: a lawsuit barred by a statute of limitations.

¶16. Indeed, "[m]otions that seek relief from judgment pursuant to [Rule] 60 are addressed to the sound discretion of the trial court, and the only question asked on appeal is whether the trial court's ruling on such a motion amounts to an abuse of discretion." *Tyler*, 113 So. 3d at 1239 (¶9) (quoting *Accredited*, 535 So. 2d at 58). Upon review, we find that the circuit court judge was well within the law to deny the Rule 60 motion and did not abuse his discretion by doing so.

¶17. Finally, we address NewSouth's request contained in its brief that Rogers be sanctioned for this appeal. It is true that our state appellate courts "*may*, after reasonable notice given by the clerk of the Supreme Court and opportunity to show cause to the contrary, and after hearing, if requested, impose such sanctions as may be appropriate on any party, court reporter, trial court clerk, or attorney who fails to comply with these rules or any order

9

issued pursuant to these rules." M.R.A.P. 2(b) (emphasis added). However, NewSouth's request alludes less to sanctions and more to damages, specifically asking for an award of "double costs, including attorneys' fees."

¶18. Our Rules of Appellate Procedure require the party requesting attorney's fees "to file a motion in the Court, supported by affidavits and time records that establish the actual fees expended on appeal." *Latham v. Latham*, 261 So. 3d 1110, 1115 (¶22) (Miss. 2019) (quoting *Hatfield v. Deer Haven Homeowners Ass'n Inc.*, 234 So. 3d 1269, 1277 (¶30) (Miss. 2017)).[10] NewSouth asked for attorney's fees in its brief and did not file a separate motion as required. Therefore, NewSouth's request for attorney's fees is denied without prejudice to "renew [the] request before mandate in a motion that complies with Rule 27(a)." *Herrin v. Perkins*, 282 So. 3d 727, 734 (¶26) (Miss. Ct. App. 2019).

**CONCLUSION**

¶19. We find that the circuit court judge did not abuse his discretion by denying Rogers's Rule 11 and Rule 60 motions. Additionally, we deny NewSouth's request for sanctions, damages, and attorney's fees.

¶20. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

[10] This process was once referred to simply as the "better practice" for parties seeking attorneys' fees, but the *Latham* court clarified that Mississippi Rule of Appellate Procedure 27(a) is a requirement. *Latham*, 261 So. 3d at 1115-16 (¶23).